# IN THE
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KEVIN CAMERON (K-64950),            )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )   Case No. 11 C 4529
                                     )
                                     )   Judge John W. Darrah
KENNETH GRANT PATTERSON, et al.      )
                                     )
    Defendants.                      )

## MEMORANDUM OPINION AND ORDER

Plaintiff Kevin Cameron, an inmate incarcerated at the Dixon Correctional Center, filed this civil rights action against Illinois State Troopers Kenneth Patterson, Jonathan Kueker, and Brian Lewis, as well as LaSalle County State's Attorney Brian Towne, Assistant State's Attorney Ryan Cantlin, and LaSalle County Circuit Court Judge Cynthia Raccuglia. Plaintiff alleges that, on January 7, 2010, he was stopped without probable cause, his car was illegally searched, and his subsequent arrest for possession of cocaine was thus invalid. Plaintiff also alleges that Defendants Patterson and Lewis later coerced him to give a statement. On initial review, this Court allowed Plaintiff to proceed against the state troopers, but dismissed the claims against the prosecutors and state court judge as barred by those individuals' absolute immunity to claims involving their prosecution of and presiding over Plaintiff's criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006).

Currently before the Court is Defendants Kueker, Patterson, and Lewis' Motion to Dismiss, in which they argue that Plaintiff's claims of an illegal stop, search, and arrest are barred by collateral estoppel because the state trial court already decided these issues and that Plaintiff's claims of a coerced statement are barred by *Heck v. Humphrey*, 512 U.S. 477 (1984), as an impermissible challenge to his

conviction. Plaintiff has filed a Response and a Supplemental Response. Defendants have replied. For the following reasons, the Court grants the motion and dismisses this case.

## STANDARD OF REVIEW

When considering a motion to dismiss, this Court assumes to be true all well-pleaded allegations and views the alleged facts, as well as any inferences reasonably drawn therefrom, in a light most favorable to the plaintiff. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Although a complaint need only state a federal claim and provide the defendants with sufficient notice of the claim and the grounds upon which it rests, the allegations of a complaint must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 -77 (7th Cir. 2007), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a plaintiff pleads facts that demonstrate that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Both Plaintiff and the Defendants present pleadings and a transcript from Plaintiff's state court criminal case. Although these documents are not part of Plaintiff's complaint, this Court need not convert the Motion to Dismiss into one for summary judgement. *See* Fed. R. Civ. P. 12(d) (generally, when matters not presented with the complaint are included with a motion to dismiss, the motion should be converted into one for summary judgment). Courts may take judicial notice of public records, such as complaints, pleadings, and transcripts from another proceeding when deciding a motion to dismiss. *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *see also Ray v. City of Chicago*, 629 F.3d 660, 665 (7th Cir. 2011) (district court permitted to consider transcript from administrative hearing when considering a motion to dismiss). Therefore, this Court thus may consider the pleadings and transcript from Plaintiff's state criminal case when addressing the Motion to Dismiss.

## PLAINTIFF'S COMPLAINT

Plaintiff alleges the following in his complaint. On January 7, 2010, he was arrested for possession of cocaine during a traffic stop. (Compl. at ¶ 12.) Plaintiff alleges that Officer Patterson did not have probable cause to stop Plaintiff, and did not have probable cause to search the vehicle where the drugs were found. (*Id.* at ¶¶ 12-15.) Plaintiff contends that he was stopped solely because he is an African-American with a criminal record. (*Id.* at ¶¶ 17, 20.) Officer Kueker arrived at the scene during the stop and allegedly allowed Patterson to illegally continue the stop and search of the car. (*Id.* at ¶¶ 18-20.) Patterson and Detective Lewis later questioned Plaintiff and allegedly refused to honor their promise to release Plaintiff if he provided the officers with information. (*Id.* at ¶¶ 16, 20-24.) Plaintiff further alleges that the prosecutor who charged and prosecuted Plaintiff, as well as the judge who presided over Plaintiff's criminal case, joined in the conspiracy because they knew that there was no probable cause.[1]

## DISCUSSION

The Defendants argue that: (1) Plaintiff's official capacity claims against them are barred under Eleventh Amendment immunity, (2) Plaintiff's illegal stop, illegal search, and false arrest claims are barred because he cannot relitigate these issues, which were addressed and decided by the

---

[1] The transcript of Plaintiff's suppression hearing in the Cook County Circuit Court indicates that Plaintiff was riding in the front passenger seat of his girlfriend's car. (R. 31, Exh. B, Transcript at 6.) Officer Patterson stated that he pulled the car over because it was traveling too closely to a semi truck. (*Id.* at 28.) According to Plaintiff, during the stop, Patterson repeatedly asked questions after he ran a computer check and discovered that Plaintiff and the driver had criminal histories. (*Id.* at 12-13.) The driver was shaky when signing a warning ticket, which Plaintiff explained to Patterson was because the driver needed his medication. (*Id.* at 24.) Plaintiff stated that he answered no when Patterson asked to search the car, even though the driver may have said yes. (*Id.* at 13, 20.) According to Patterson, he asked Plaintiff and the driver if there was anything illegal in the car, to which both occupants looked away, and both occupants said yes when Patterson asked to search the car. (*Id.* at 36.) Drugs were found in a Pringles can in the car. (*Id.* at 60.)

state trial court, (3) Plaintiff's coerced statement claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1984), as an impermissible challenge to his conviction, and (4) this Court should decline to exercise supplmental jurisdiction over Plaintiff's state law claims.

**Official Capacity Claims:**

To the extent that Plaintiff sues the Defendants in their official capacities, such a claim is barred by the Eleventh Amendment. *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005) (money damages against a state officer in his official capacity for past conduct are barred by the Eleventh Amendment, which allows for only prospective relief against a state officer). Plaintiff acknowledges in his Response that he may not sue the Defendants in their official capacites. (R. 35, Pl.'s Resp. at 1.) Although he notes in his Amended Response that payments for any claims against state troopers may be made by the State, "the fact that the State chooses to indemnify its employees who are sued in federal court is irrelevant" to whether they may be sued in their official capacities because such a payment would be a voluntary choice, as opposed to a court ordered. *Luder v. Endicott*, 253 F.3d 1020, 1023 (7th Cir. 2001); *see also Alden v. Maine*, 527 U.S. 706, 757 (1999). Accordingly, to the extent that the Defendants were sued in their official capacities, such claims are dismissed.

**Collateral Estoppel Bar:**

The state's rules of collateral estoppel determine whether a state court ruling bars a § 1983 claim. *Brown v. City of Chicago*, 599 F.3d 772, 774 (7th Cir. 2010). Under Illinois's issue preclusion law, a previously litigated issue from a prior proceeding cannot be relitigated "if (1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Id.* (citing *Herzog v. Lexington Township*, 657 N.E.2d 926, 929-30 (Ill. 1995); *Am. Family Mut. Ins. Co. v. Savickas*, 739 N.E.2d 445,

449-51 (Ill. 2000)). Other considerations with whether collateral estoppel applies are whether the plaintiff was denied a full and fair opportunity to litigate the issue in his prior case and whether applying collateral estoppel would be unjust. *See Brown*, 599 F.3d at 775-77.

A review of pleadings and transcripts from Plaintiff's criminal case reveal that his current claims of an illegal stop, search, and arrest were raised, litigated, and decided in the state court. Plaintiff's state-court motion to quash the arrest and suppress evidence challenged the legality of the stop and search of the vehicle. (R. 25-1, Exh. B, Copy of Motion to Quash Arrest and Suppress Evidence Illegally Seized.) The state court conducted a hearing, at which Plaintiff and State Trooper Kenneth Patterson testified. (R. 31, Exh. B, Copy of Transcript of 4/16/10 Suppression Hearing in *People v. Cameron*, No. 2010 CF 14.) After hearing the testimony and viewing the videotape from Patterson's dashboard camera, Cook County Circuit Court Judge Cynthia Raccuglia found that Trooper Patterson was credible, that he did not appear intimidating to support an argument that Plaintiff was coerced into agreeing to the search, and that Plaintiff had not met his burden to quash the arrest or suppress evidence from the search. (*Id.* at 110-11.)

All three elements for application of collateral estoppel exist in this case. Plaintiff's § 1983 challenges to the stop, search, and arrest are identical to the issues presented in his state-court motion to quash his arrest and suppress evidence. Like Plaintiff's § 1983 complaint, his state-court motion and pre-trial hearing challenged whether there was probable cause for the traffic stop, whether the stop was impermissibly expanded into a seizure, and whether the occupants of Plaintiff's vehicle consented to the search. (R. 25-1, Motion to Quash Arrest and Suppress Evidence; R. 31, Exh. B, Transcript of 4/16/10 hearing on the motion.) There was a final decision on these issues in the state court. (R. 31, Exh. B at 110-11; R. 25-1, Exh. C, Copy of 4/16/10 Order denying Motion to Quash and Suppress.); *see also Wallace v. City of Chicago*, 472 F. Supp. 2d 942, 949 (N.D.Ill. 2004) ("a 'final judgment' is

not the ultimate criminal conviction, rather it is the denial of plaintiff's motion to suppress"), *aff'd on other grounds*, 440 F.3d 421 (7th Cir. 206)). There is no question as to the third element of privity, as Plaintiff was the party who challenged the stop and search in the state case.

Plaintiff's only challenge to the application of collateral is that he did not have a full and fair opportunity to argue his claims in the state court because the driver of the vehicle was not called to testify and Judge Raccuglia did not sufficiently consider the videotape from Officer Patterson's dashboard camera. (R. 35, Pl.'s Response and Request for Sanctions ¶¶ C and D.) The "full and fair opportunity" requirement, however, "is satisfied even if only a slight amount of evidence was presented on the disputed matter decided in the first suit." *King v. Burlington Northern and Santa Fe Ry. Co.*, 445 F. Supp. 2d 964, 975 (N.D.Ill. 2006) (quoting *Taylor v. Peoples Gas Light & Coke Co.*, 656 N.E.2d 134, 141 (Ill. App. Ct. 1995)). So long as "the parties disputed the issue and the trier of fact resolved it," the issues are considered to have been "actually litigated" for purposes of collateral estoppel. *King*, 445 F. Supp. 2d at 975. Additionally, Plaintiff's contentions are unsupported by the transcript of the suppression hearing, at which the videotape was admitted into evidence and played, and Officer Patterson was cross-examined by Plaintiff's attorney about it. (R. 31-2, Exh. B at 66-78.) Furthermore, there is no indication that Plaintiff was prevented from calling the driver of the vehicle. (*See* generally, R. 31-2, Exh. B.)

Accordingly, Plaintiff's § 1983 claims that he was illegally stopped, that his car was illegally searched, and that his arrest was invalid are barred by collateral estoppel, and these claims are dismissed.

### *Heck v. Humphrey* Bar:

In addition to challenging the stop and search of the car, Plaintiff alleges that he was coerced into giving a statement after his arrest. (Compl. at ¶¶ 21-24.) He states that Patterson and Lewis

Page 6 of 8

promised to release Plaintiff if he gave them information about criminal activity, but that, instead of releasing him, these Defendants used the information to convict him. (*Id.*) This claim cannot proceed in this case because a favorable ruling by this Court on these issues would necessarily call into question the validity of Plaintiff's conviction. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), holds that the plaintiff in an action under § 1983 cannot pursue a claim for relief that implies the invalidity of a conviction, unless that conviction has been set aside by appeal, collateral review, or pardon. Plaintiff's challenge to his incriminating statement, if successful would undermine the validity of his conviction. *See Walden v. City of Chicago*, 755 F.Supp.2d 942, 957 (N.D. Ill. 2010) (holding that a § 1983 claim of a coerced confession is barred by *Heck* when the conviction was based upon the confession).[2]

Accordingly, Plaintiff's claim that coercive tactics were used to obtain his statement is dismissed without prejudice as barred by *Heck*, 512 U.S. at 486-87. Plaintiff may be able to raise this clam if he succeeds in having his conviction invalidated; however, he cannot raise it at this time.

**State Law Claims:**

Plaintiff's state law claims of intentional infliction of emotional distress, loss of consortium, and conspiracy, as well as malicious prosecution (Compl. ¶¶ 36-42,) are state law claims, which this Court dismisses for lack of jurisdiction. *Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wisconsin, Inc.*, 657 F.3d 496, 505 (7th Cir. 2011) ("[I]t is the well-established law of this

---

[2] The transcript of the guilty plea is not in the record before this Court, and it is unclear if Plaintiff's statement was the basis of his plea. Nevertheless, his claim that his statement was coerced does not become actionable in a § 1983 case for damages unless it was used in his criminal proceedings. *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1025-26 (7th Cir.2006); *Hunt v. Thomas*, No. 07 C 4733, 2008 WL 4442589 at *8 (N.D. Ill. Sep. 26, 2008) (Pallmeyer, J.) ("a claim of improper interrogation does not itself give rise to a constitutional § 1983 claim for damages unless the plaintiff demonstrates that the confession was used in a criminal proceeding against him").

circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.") (citation omitted). Plaintiff may raise these claims in state court; however, he cannot proceed with them here.

## CONCLUSION

For the foregoing reasons, the court grants Defendant's motion to dismiss [20], dismisses Plaintiff's Second Amended Complaint, and dismisses this case.

ENTER: _____
John W. Darrah
United States District Court Judge

DATE: 4-10-12